## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF | MISC. ACTION NO. _____ |
| **CERTAIN ELECTRONIC DEVICES WITH COMMUNICATION CAPABILITIES, COMPONENTS THEREOF, AND RELATED SOFTWARE** | **REQUEST FOR ISSUANCE OF A LETTER OF REQUEST FOR THE TAKING OF EVIDENCE IN ENGLAND** |
| Apple Inc. 1 Infinite Loop Cupertino, CA 95014 | **Letter of Request to Obtain Evidence from:** Cambridge Silicon Radio International, PLC Churchill House Cambridge Business Park Cowley Road Cambridge CB4-0WZ United Kingdom |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC.'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST UNDER THE HAGUE CONVENTION FOR THE TAKING OF EVIDENCE IN ENGLAND

To defend itself against patent infringement allegations lodged by HTC Corp. in the International Trade Commission, Apple requires this Court's assistance pursuant to the Hague Convention. Accordingly, Apple respectfully moves this Court, pursuant to 28 U.S.C. § 1781 and Federal Rule of Civil Procedure 28(b), to issue the proposed Letter of Request permitting Apple to obtain discovery from Cambridge Silicon Radio International, PLC ("CSR England") in the United Kingdom. (See Ex. 1, Proposed Letter of Request.)

Apple's proposed Letter of Request seeks assistance from the English judicial authorities to obtain documents and testimony from CSR England. The requested information is narrowly tailored to obtain evidence of prior art sales and devices that bear on the validity of the asserted patents. Apple also requires testimony from CSR England to authenticate the documents CSR England produces.

1

For reasons set forth below, Apple respectfully requests that this Court assign a judge to this matter and, if needed, schedule a hearing to expedite the issuance of a Letter of Request, as recommended by the Administrative Law Judge presiding over the ITC investigation.

## I.      STATEMENT OF FACTS

HTC Corporation filed a complaint in the ITC that alleges Apple imports, sells for importation and/or sells within the United States after importation, products that infringe eight U.S. patents.  (Ex. 3, HTC Am. Compl. (Sept. 7, 2011).)  HTC seeks, among other things, an exclusion order barring importation of Apple's allegedly infringing devices.  Apple's defenses to HTC's patent infringement allegations include that the asserted patents are invalid.  Apple's invalidity defense requires information about CSR England's publications, public uses, sales, and offers for sale of products that predate the alleged inventions claimed in the asserted patents.

The documents Apple seeks from CSR England and its officers are highly relevant because they are believed to include devices and documents that will invalidate the patent claims asserted against Apple.  Apple believes that CSR England, as a designer and manufacturer of electronic devices that predate the asserted patents, possesses evidence that may be used to invalidate certain asserted patents.

Apple attempted to obtain the documents and information it is seeking through a subpoena for documents and testimony to CSR England's affiliate, Cambridge Silicon Radio International, LLC ("CSR America").  On April 9, 2012, ITC Administrative Law Judge Pender granted Apple's application for subpoenas to CSR America, which were served on CSR America.  (*See* Ex. 2, Subpoena to CSR America (Apr. 9, 2012).)  CSR America's counsel informed Apple that CSR America did not have any responsive documents in its possession, custody, or control and that the requested documents and knowledgeable individuals reside in

2

England with CSR England.  CSR America told Apple that it could not direct CSR England to comply with the subpoena.

Apple then requested that Judge Pender recommend that the U.S. District Court for the District of Columbia issue a Letter of Request on Apple's behalf to obtain documents and deposition testimony from CSR England.  (*See* Ex. 4, Apple's Mot. Seeking Recommendation to the District Court to Issue a Letter of Request (May 16, 2012) (original appendices omitted).) Judge Pender granted Apple's motion on May 31, 2012.  (Ex. 5, ITC Inv. No. 337-TA-808, Order No. 14 (May 31, 2012).)

## II.    STATEMENT OF POINTS & AUTHORITIES

Apple cannot obtain evidence in England from CSR England without a Letter of Request because the United Kingdom is a Hague Convention signatory.  The Hague Convention requires a Letter of Request from a U.S. District Court to obtain evidence from an English entity. Accordingly, Apple requests that the Court issue the Letter of Request, attached as Exhibit 1, so that Apple may timely obtain evidence from CSR England in accordance with the ITC's procedural schedule.

### A.    A Letter of Request Is Required to Obtain Evidence from a Third Party Located in England

The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") provides:

> In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, *by means of a Letter of Request,* to obtain evidence, or to perform some other judicial act.

Hague Convention, Art. I (emphasis added).  The Hague Convention establishes a system, based on international comity, which enables a requesting state to obtain evidence abroad in a manner

3

"tolerable" to the state executing the request. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 530-31 (1987).  The United States and the United Kingdom are parties to the Hague Convention, and ratified the Convention on August 8, 1972 and July 16, 1976,  respectively. *See* Hague Conference on Private Int'l Law, Status Table, http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last updated Jan. 25, 2012).

"[T]he procedures of the Hague Convention have been discussed and used often in Section 337 investigations" before the ITC. *Certain Home Vacuum Packaging Mach.*, Inv. No. 337-TA-496, Order No. 39, 2004 WL 73343, at *1 (Jan. 12, 2004) (citing, *inter alia*, *Certain Doxorubicin & Preparations Containing Same*, Inv. No. 337-TA-300, Order No. 8, at 6, 1989 WL 608984 (Sept. 26, 1989) (granting motion for issuance of letters rogatory to obtain evidence in Italy pursuant to the Hague Convention)).  Using the Hague Convention procedures is "likely to be the only effective means of obtaining needed information" from a third party located in a signatory country. *See e.g., Certain Home Vacuum Packaging Mach.*, Order No. 39, 2004 WL 73343, at *2 ("There has been no showing that the relevant documents and photographs in [the third party's] possession are within the 'control,' if not the possession or custody, of [the complainant] . . . Thus, the methods of discovery that are normally available under the Federal Rules of Civil Procedure and the Commission's Rules of Practice and Procedure are unavailable in this instance."); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (citing *Orlich v. Helm Bros., Inc.,* 560 N.Y.S.2d 10, 14 (N.Y. App. Div. 1990) ("When discovery is sought from a non-party in a foreign jurisdiction, application of the Hague [Evidence] Convention, which encompasses principles of international comity, is virtually compulsory.")); *see also Societe Nationale Industrielle*, 482 U.S. at 535-47 (discussing use of the Hague Convention to obtain evidence from a third party).

4

**B.**   **The United States District Court for the District of Columbia has the Authority to Issue the Required Letter of Request**

U.S. District Courts are authorized to issue Letters of Request under the All Writs Act, as well as Federal Rules of Civil Procedure 28(b) and 4(f)(2)(B). *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Estate of Klieman v. Palestinian Auth.*, 272 F.R.D. 253 (D.D.C. 2011) (granting letter of request to obtain documents from third parties in Israel under the Hague Convention); *Miller v. Holzmann*, No. 95-1231, 2006 WL 3093122 (D.D.C. Oct. 31, 2006) (granting motion to issue Letters of Request to Germany under the Hague Convention despite the plaintiffs' objection that the process would not conclude before the close of discovery); *see generally Societe Nationale Industrielle*, 482 U.S. at 535-47 (discussing the procedure under the Hague Convention that allows a U.S. district court to forward a letter of request to obtain evidence pursuant to the Hague Convention); *see also* 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); *see also* Ex. 6, U.S. Dep't of State, Preparation of Letters Rogatory, at 4, http://travel.state.gov/law/judicial/ judicial_683.html.

Apple's proposed Letter of Request from the District Court for the District of Columbia conforms to the Hague Convention requirements, which state:

A Letter of Request shall specify –

a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;

b) the names and addresses of the parties to the proceedings and their representatives, if any;

c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;

d) the evidence to be obtained or other judicial act to be performed.

Where appropriate, the Letter shall specify, inter alia --

e) the names and addresses of the persons to be examined;

f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;

g) the documents or other property, real or personal, to be inspected;

h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;

i) any special method or procedure to be followed under Article 9.

Hague Convention, Art. III. Apple's proposed Letter of Request identifies all the information required by Article III of the Hague Convention. (*See* Ex. 1.)

Although ITC ALJs may directly issue Letters of Request, the English court will examine the Request to ensure that it complies with England's statutory requirements. Those requirements include (a) that the request is from a "court or tribunal" and (b) that the request is made for the purpose of procuring evidence for use at the trial in "civil proceedings" (as that term is used in England, which is further explained below). (*See* Ex. 7, Evidence (Proceedings in Other Jurisdictions) Act 1975, Chapter 34.)

Apple understands that in England, "civil proceedings" are any non-criminal proceedings, including those under administrative and public law. Apple believes that the English court will take notice of the views of a U.S. District Court regarding whether ITC investigations are administrative proceedings (i.e. "civil proceedings" for English purposes), and whether the ITC is a "court or tribunal." Apple believes that the ITC assessing these points by itself, for its own cause, may not be as persuasive for an English court as an assessment made by a U.S. District Court. To assist the English court in making its decision, Apple requests that this Court exercise

6

its authority to issue the proposed Letter of Request to the Appropriate Judicial Authority of England on Apple's behalf.

### C. The Letter of Request Is Necessary in the Interest of Justice Because the Evidence Sought from CSR England Is Highly Relevant and Cannot Be Obtained by Other Means

Apple requests this Court to issue the proposed Letter of Request for three reasons. First, the documents and deposition testimony requested from CSR England are highly relevant to the validity of the asserted patents in the ITC investigation. CSR England designed, manufactured, and sold prior art products that may be used to invalidate certain asserted patents. Accordingly, CSR England possesses unique and significant information that Apple is unable to obtain from another source or entity. Apple also believes CSR England is most knowledgeable about the sales, marketing, and operation of its own products. Thus, Apple also requires deposition testimony from CSR England to authenticate CSR England's documents.

Second, Apple's proposed Letter of Request is narrowly tailored to seek information that will provide evidence about CSR England's products and documentation that predate the asserted patents, beyond what is publicly available. (*See generally*, Ex. 1, at Exhibit 2 and Exhibit 3.) Apple's proposed Letter of Request is not overly broad and will not place an undue burden on CSR England because it is narrowly tailored to this highly relevant information.

Third, granting this Motion and issuing the proposed Letter of Request on behalf of Apple is appropriate because Apple cannot obtain the evidence sought from CSR England by another means. Counsel for CSR America informed Apple that the requested documents and knowledgeable individuals are in England, within CSR England's possession, custody, or control. Thus, the information Apple seeks is beyond the ITC's subpoena power and Apple can only obtain the information and testimony about CSR England's prior art products through a Letter of Request to the Appropriate Judicial Authority of England.

### III.   **CONCLUSION**

Because the United Kingdom is a Hague Convention signatory, Apple will be unable to obtain the above described, highly relevant, documents and deposition testimony from CSR England without a Letter of Request from a U.S. District Court.  Apple respectfully requests that the Court assign a judge to this matter and, if needed, schedule a hearing to expedite issuing the attached Letter of Request, so the parties have enough time to obtain the requested evidence pursuant to any requirements by the English judicial authority, and comply with the ITC's procedural schedule.

Dated:  June 5, 2012                    Respectfully submitted,

V. James Adduci, II (DC Bar # 226480)
Adduci, Mastriani & Schaumberg, L.L.P.
1133 Connecticut Avenue, NW, Twelfth Floor
Washington, DC 20036
Telephone:  (202) 467-6300

*Counsel for Respondent Apple Inc.*

## Exhibit List

**Exhibit 1**    Letter of Request for International Judicial Assistance (Letter Rogatory)

    **Exhibit 1**        *Certain Elec. Devices with Commc'n Capabilities, Components Thereof, & Related Software*, Inv. No. 337-TA-808, Order No. 1: Protective Order (Sept. 30, 2011).

    **Exhibit 2**        Documents or Other Property to be Produced by Cambridge Silicon Radio International, PLC.

    **Exhibit 3**        Topics for the Deposition of Cambridge Silicon Radio International, PLC.

**Exhibit 2**    Transmittal Letter, Subpoena *Ad Testificandum* and *Duces Tecum* to Cambridge Silicon Radio International, LLC, Protective Order, and Application for Subpoena (April 10, 2012).

**Exhibit 3**    HTC Corporation Am. Compl. (Sept. 7, 2011).

**Exhibit 4**    Resp't Apple Inc.'s Mot. Seeking Recommendation to the U.S. District Court for the District of Columbia to Issue a Letter of Request (May 16, 2012) (original appendices omitted).

**Exhibit 5**    *Certain Elec. Devices with Commc'n Capabilities, Components Thereof, & Related Software*, Inv. No. 337-TA-808, Order No. 14 (May 31, 2012).

**Exhibit 6**    U.S. Department of State, Preparation of Letters Rogatory, http://travel.state.gov/law/judicial/judicial_683.html.

**Exhibit 7**    Evidence (Proceedings in Other Jurisdictions) Act 1975, Chapter 34.